Taft, J.
 

 Defendant’s principal complaint is that the trial court erred in rendering a judgment for plaintiff, which the opinion of the court indicated was for the full amount of the seven monthly payments, although plaintiff was relieved from performing any of the services it had agreed to render during the remaining seven months of the yearly term provided for in the contract.
 

 Upon the breach of a contract by a defendant, the plaintiff may elect to rescind the contract and sue for the value of the performance rendered.
 
 Wellston Coal Co.
 
 v.
 
 Franklin Paper Co.,
 
 57 Ohio St., 182, 48 N. E., 888;
 
 Cleveland Co.
 
 v.
 
 Standard Amusement Co., 103 Ohio
 
 St., 382, 133 N. E., 615.
 

 The plaintiff in the instant case did not elect to rescind but sued on the contract. If the contract had been fully performed before defendant’s repudiation of it, plaintiff would have been entitled to the full compensation provided for in the contract.
 
 Shawhan
 
 v.
 
 Van Nest,
 
 25 Ohio St., 490, 18 Am. Rep., 313. However, defendant’s repudiation of the contract relieved plaintiff of the obligation to render seven months of the year’s performance called for by the contract. Plaintiff is not entitled to recover as such the full compensation which the contract provided plaintiff should receive for those seven months of performance. Plaintiff is entitled to recover damages only for defendant’s breach. Such damages would include any compensation plaintiff would have received if the' contract had been performed, less the value to plaintiff of its being relieved from performance during those seven months.
 
 James
 
 v.
 
 Allen County,
 
 44 Ohio St., 226, 6 N. E., 246, 58 Am. Rep., 821. See 5 Williston on Contracts (Rev. Ed.), Sections 1363, 1298.
 

 
 *525
 
 While this court refused to follow the
 
 James case
 
 in
 
 Roller
 
 v.
 
 Patrick,
 
 145 Ohio St., 572, 62 N. E. (2d), 367, the reason for its refusal was that the rights of the parties in the latter case were governed by the Teachers’ Tenure Act. The soundness of the decision in the
 
 James case
 
 as a common-law precedent and the reasoning of the court were not questioned.
 

 In the instant case, evidence was offered tending to prove that, if the contract had been performed for the remaining seven months of the yearly term, the plaintiff would have received more than the $1,000, claimed in the petition on account of agency commissions, in addition to the seven monthly 150-dollar payments.
 

 However, there is no evidence in the record tending to show the value to plaintiff of its being relieved from performance during those seven months. The provisions of the contract, and other evidence in the record, indicate that plaintiff may have been relieved from doing some work, but there is no evidence to show how much it would have cost plaintiff to do that work.
 

 If plaintiff would have been able to perform that work without iiicurring any additional cost, so that relief from the obligation of performing would not involve any benefit of value to plaintiff, plaintiff might be entitled to damages at least equal to the amount allowed it by the trial court. 5 Williston on Contracts (Rev. Ed.), 3793, Section 1352. On the other hand, if the performance of such work would have cost plaintiff more than the amount claimed in the petition, then plaintiff would be entitled to recover nothing on the allegations contained in the petition. See
 
 Doolittle & Chamberlain
 
 v.
 
 McCullough,
 
 12 Ohio St., 360, 373, 374;
 
 Wellston Coal Co.
 
 v.
 
 Franklin Paper Co., supra,
 
 186
 
 et seq.
 
 If the burden of proving the value or lack of value to plaintiff of its being relieved from perform
 
 *526
 
 anee is on plaintiff, then the judgment in the instant case must be reversed.
 

 When a plaintiff sues on a contract to recover the amount he would have received for the full performance prevented by a defendant’s breach, he seeks in effect to recover as damages the profit from performance of the contract which profit defendant’s breach prevented him from earning. In such a case, plaintiff has the burden of alleging and proving not only (a) what he would have received from the performance so prevented, but also (b) what such performance would have cost him (or the value to him of relief therefrom). Unless he proves both of those facts, he cannot recover as damages the profits he would have earned from full performance of the contract.
 
 United States
 
 v.
 
 Behan,
 
 110 U. S., 338, 28 L. Ed., 168, 4 S. Ct., 81;
 
 Walton School of Commerce
 
 v.
 
 Stroud,
 
 248 Mich., 85, 226 N. W., 883. See 5 Williston on Contracts (Rev. Ed.), 3817, Section 1360.
 

 There are authorities which, in cases similar to this, support a recovery from the defendant for the full amount promised. See
 
 International Textbook Co.
 
 v.
 
 Martin,
 
 221 Mass., 1, 108 N. E., 469. As pointed out at 46 Harvard Law Review, 16, cited by appellee, this in effect amounts to specific performance of the contract. Such a result is clearly contrary to the reasoning of the court in
 
 James
 
 v.
 
 Allen County, supra.
 

 We are not unmindful of the decisions in
 
 Roberts et al., Partners,
 
 v.
 
 Montgomery,
 
 115 Ohio St., 502, 154 N. E., 740, and
 
 Scheinesohn
 
 v.
 
 Lemonek,
 
 84 Ohio St., 424, 95 N. E., 913, Ann. Cas. 1912C, 737. However, this .court, in the opinion in the latter case, on page 436, .clearly indicated that the rule applied in those cases was probably justified only by the peculiar and confidential relationship between the parties involved therein. It may be noted also that in neither of those
 
 *527
 
 cases was any evidence offered tending to prove the value, if any, of the benefit to the plaintiff-attorney, resulting from his relief from the performance prevented by the defendant’s breach of contract. Cf.
 
 Haughey
 
 v.
 
 Belmont Quadrangle Drilling Corp.,
 
 284 N. Y., 136, 29 N. E. (2d), 649, 652, 130 A. L. R., 1331.
 

 On facts similar to those in the instant case, some authorities put the burden of proof on defendant to show the value to plaintiff of plaintiff’s being relieved from performance. See
 
 International Correspondence School, Inc.,
 
 v.
 
 Crabtree,
 
 162 Tenn., 70, 34 S. W. (2d), 447, 78 A. L. R., 330. However, the information as to the cost of the performance prevented or the value to plaintiff of relief from such performance should be better known to plaintiff than to defendant. See
 
 Mt. Ida School for Girls
 
 v.
 
 Rood,
 
 253 Mich., 482, 489, 490, 235 N. W., 227. It should be relatively simple for a plaintiff to offer evidence as to such cost or value. If the burden were on defendant, defendant would be required to produce witnesses usually friendly to or under the control of plaintiff. The rule in cases imposing such burden of proof on defendant appears to be a rule of convenience not justified by reason. That rule apparently originated from a failure to distinguish between proving damages and proving matters asserted in mitigation or reduction of the amount of damages. There are authorities holding that the burden of proving matters in mitigation or reduction of the amount of plaintiff’s damages rests upon a defendant. 1 Sedgwick on Damages (9 Ed.), 447, Section 227. However, such authorities should not be relied upon as imposing the burden on a defendant to prove one of the essential facts which must be established in order to determine what plaintiff’s damages are. There can be no mitigation or reduction of damages until damages are proved.
 

 
 *528
 
 There being no evidence tending to prove the cost of performance by plaintiff under the contract or the value of the benefit to plaintiff of being relieved from the performance prevented by defendant’s breach, the judgment of the Court of Appeals should be reversed.
 

 The only assignment of error in the Court of Appeals which would not involve a weighing of the evidence was that “the court erred in assessing damages against the defendant in the sum of $1,050, without any proof of damages suffered by the plaintiff.” However, the trial court did find on the evidence that a contract existed between the plaintiff and the defendant and that it was breached by the defendant. There is substantial evidence to sustain those findings. The plaintiff was therefore entitled to recover at least nominal damages for the breach of contract.
 
 First Natl. Bank of Barnesville
 
 v.
 
 Western Union Telegraph Co.,
 
 30 Ohio St., 555, 27 Am. Rep., 485. Defendant did not assign, as an error in the Court of Appeals, that the trial court erred in failing to render judgment against defendant for more than nominal damages. It did not request the trial court to render such a judgment. The judgment of the Court of Appeals is therefore reversed and the case is remanded to the Common Pleas Court for a new trial.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hast, Zimmerman and Stewart, JJ., concur.