**CHANNEL DRY, INC., Appellant,**

v.

**HAVER, Appellee, et al.**

[Cite as *Channel Dry, Inc. v. Haver* (1990), 70 Ohio App.3d 197.]

Court of Appeals of Ohio,
Allen County.

No. 1–89–56.

Decided Nov. 5, 1990.

*Rizor, Minnard & Rizor Co., L.P.A.* and *Paul D. Rizor,* for appellant.
*Daley, Balyeat, Balyeat & Leahy* and *Douglas A. Daley,* for appellee.

GUERNSEY, Judge.

This is an appeal by the plaintiff, Channel Dry, Inc., from a judgment of the Court of Common Pleas of Allen County in an action brought against the

defendant, George Haver, for money damages for breach of contract. Other defendants in the original action on an account for labor and materials and for foreclosure of plaintiff's mechanic's lien were dismissed at the time the complaint was amended to seek only money damages for breach of contract. In that second amended complaint plaintiff alleged the execution on December 7, 1987, of a written contract between the parties whereby the plaintiff was to furnish labor and materials for home repairs in the total agreed amount of $8,588; that the defendant made a down payment of $2,588; that plaintiff commenced providing services pursuant to the contract but that defendant wrongfully prevented plaintiff from finishing work thereon; and that the defendant has, upon demand, refused to pay the $6,000 balance due on the contract to plaintiff's damages in that amount.

After trial the lower court filed its decision and judgment entry wherein it found, among other things not material to our decision, that the purpose of the contract was to correct water problems in the crawl space of defendant's home; that the contract was executed and down payment made as aforesaid; that plaintiff commenced work according to the contract on December 9, 1987, and was discharged by the defendant on December 19, 1987, the defendant claiming that the plaintiff had not complied with the terms of the contract; and that after the defendant repudiated the contract he contracted with another contractor to complete the work contemplated by the contract for the sum of $4,980.

The trial court specifically found, in pertinent part, "that the defendant was not justified in terminating the contract"; "that the workmanship of the plaintiff's employees was not below standard and was proper for the type of work in this particular instance"; and "that from the plaintiff's own evidence that the cost of material, if plaintiff would have been permitted to complete the job, would have been One Thousand Dollars ($1000.00) and their actual total cost for labor and materials if plaintiff would have been allowed to complete the job would have been *approximately* Two Thousand Five Hundred Dollars ($2,500.00)." (Emphasis added.) At another place in its judgment entry the trial court made the ambivalent and conflicting finding "that the actual costs to the plaintiff if the contract would have been completed, including material and labor, was Two Thousand Five Hundred Dollars ($2,500.00)."

The court observed "that generally the rule for the measure of damages is that the party whose contract has been breached without his fault is entitled to fair and reasonable compensation for his loss"; "that [u]nder such circumstances the Court can award what will fairly and reasonably compensate the plaintiff from a loss resulting from defendant's breach, including a reasonable

amount for services performed, including work, labor and material; *or*, award an amount of damages that will fairly and reasonably compensate the plaintiff for its actual loss resulting from the breach of the contract, which puts the plaintiff in the position in which he would have been if the contract had been fully performed"; and that "this action should have been more appropriately filed in the Lima Municipal Court"; "[h]owever, since filed in the court of equity, the court feels obligated to do equity."

The court quoted the following provision of the written contract:

"ARBITRATION  In the event any dispute shall arise between the parties to this contract as to the respective duties, rights and liabilities thereunder, it is hereby agreed that such dispute shall be referred to the Better Business Bureau, Inc. for arbitration, and the decision of the arbitrators shall be final and binding on said parties."

The trial court then found and observed:

"The Court finds that the defendant George Haver, notified the plaintiff relative to the cancellation of the contract on December 19, 1987.  At this point there was a 'dispute'.  Plaintiff's reply through its attorney dated December 22, 1987 (see Plaintiff's Exhibit 1) did not refer at all to any arbitration, but only referred to the 'ability to sue you to reclaim the damages caused by the wrongful rescission of your contract'.  The court finds that the plaintiff, who prepared the contract and inserted the provision of arbitration, made no effort to resolve the matter through 'arbitration,' which was mandatory and a condition precedent herein.  Possibly, if this would have been done by the plaintiff, the matter would have been resolved."

Based on the foregoing findings, observations and conclusions, the trial court found "that it would not be just to award plaintiff the sum of Six Thousand Two Hundred Forty-two and 81/100 Dollars ($6,242.81), which is its alleged lost profits when the plaintiff itself did not attempt to comply with the mandatory arbitration provisions which would have possibly eliminated this case entirely," and "rather than dismiss the proceedings due to plaintiff's failure to comply with the mandatory arbitration provisions or attempt to do so prior to filing the instant case, the Court herein, in the interests of justice and equity, finds that the plaintiff is entitled to reasonable damages as a result of defendant's breach," and "plaintiff is granted judgment against the defendant in the sum of Two Thousand Dollars ($2,000.00)."

This is the judgment from which this appeal was taken by plaintiff.  The defendant has taken no cross-appeal nor has he made any cross-assignments of error.  The plaintiff assigns prejudicial error of the trial court "when it applied an equitable standard to the contract damages, which is an action at law."

We have not been favored by the filing of a transcript of the trial court proceedings (other than a partial transcript as to a discussion at trial regarding arbitration), so we must accept the findings of fact of the trial court as they appear in its journal entry of judgment as having been supported by the evidence, although we may disagree with the trial court's conclusions of law or its mixed conclusions of law and fact appearing in its entry.

It thus appears that the trial court was confronted with a situation where under a contract between the parties the plaintiff was to provide labor and materials to complete a specific job for a fixed sum due from the defendant and was then prevented from completing that job by the unjustified action of the defendant constituting a breach of the contract. For that breach the plaintiff was entitled to and did maintain *an action at law* in the court of common pleas for its damages arising from the breach. *Wall v. Dayton Federation Co.* (1929), 121 Ohio St. 334, 168 N.E. 847. In these circumstances the damage award was governed by the appropriate application of the principles of law set forth in the paragraphs of the syllabus to *Allen, Heaton & McDonald, Inc. v. Castle Farm Amusement Co.* (1949), 151 Ohio St. 522, 86 N.E.2d 782, reading:

"1. Where a defendant's repudiation of a contract, before the plaintiff's substantial performance, relieves plaintiff of the obligation of further performance, plaintiff is not entitled to recover as such the unpaid part of the full compensation which the contract provided he should receive for such further performance. In an action on the contract, plaintiff is entitled only to recover damages for defendant's breach of contract. Such damages may include the further compensation plaintiff would have received under the contract if it had been performed, less the value to plaintiff of his being relieved of the obligation of completing performance. (*James v. Allen County*, 44 Ohio St., 226 [6 N.E. 246], approved and followed.)

"2. Where a plaintiff sues on a contract to recover the amount he would have received for the full performance thereof which was prevented by a defendant's breach, he seeks in effect to recover as damages the profit from performance of the contract that the defendant's breach prevented him from earning.

"3. In such a case, plaintiff has the burden of alleging and proving not only (a) what he would have received under the contract from the performance so prevented, but also (b) what such performance would have cost him (or the value to him of relief therefrom). Unless he proves both of those facts, he cannot recover as damages the profits he would have earned from full performance of the contract." See, also, *Digital & Analog Design Corp. v. North Supply Co.* (1989), 44 Ohio St.3d 36, 40, 540 N.E.2d 1358, 1362.

Instead of following these principles the trial court applied what it termed equitable considerations based on its conclusions (1) that they should be applied because the plaintiff brought its action in the common pleas court, "the court of equity," rather than in the municipal court, and (2) that plaintiff violated a mandatory arbitration provision which, if not violated, "would have possibly eliminated this case entirely." Was the trial court justified in applying what it called "equity"? In our opinion it was not.

██ The character of the action as originally filed changed thereafter. Originally it was an action on an account with equitable foreclosure of a mechanic's lien associated therewith. As amended the complaint merely sought $6,000 damages for breach of contract, an action at law within either the concurrent jurisdiction of municipal court or the concurrent jurisdiction of the common pleas court. There is no theory of law that we know of or which has been called to our attention which should penalize a plaintiff merely for its permissible choice of a concurrent jurisdiction.

██ The arbitration provision is plain in its terms and though, if construction of its terms was required, such construction would be against the drafter of the contract (here the plaintiff), that does not mean that a greater duty shall be placed on the drafter to initiate arbitration which greater duty does not exist by the plain terms of the arbitration provision. Here the provision does not say which party shall initiate arbitration, although both parties could be required to submit to arbitration if arbitration were not waived. The first calling of fault was that of the defendant, who faulted the plaintiff and its employees for the manner in which they were accomplishing, or not accomplishing, the contract work. Under the arbitration clause there was no greater duty on the plaintiff than there was on the defendant to seek arbitration at that time. At the later time when the action was filed defendant could have objected to proceeding with the action prior to arbitration by a motion asserting lack of the court's jurisdiction. Civ.R. 12(B). There is nothing in the record on appeal to show that defendant did so, although his answer to the amended complaint does raise the issue of the trial court's jurisdiction. But even then, there appears no objection by the defendant to the trial court's proceeding with trial. Thus, so far as appears from the record before us, the plaintiff waived arbitration by filing the action in the common pleas court without having sought arbitration, and the defendant waived arbitration by not objecting to proceeding with trial without arbitration. Parenthetically, it should again be noted that defendant did not appeal the issue of arbitration, and also noted that in his appellee's brief he acknowledged that he "did not raise the issue of Appellant's failure to seek arbitration." Accordingly we must conclude that based solely on the trial court's

forecast of the "possible" results of arbitration, it was not authorized to resort to equity and apply an inapplicable standard in determining plaintiff's damages. It should also be noted that in his brief the defendant acknowledges the applicability to the damage issue of the principles set forth in *Allen, Heaton & McDonald, Inc., supra.*

■ We find that the damages were determinable by appropriate application of the principles of law set forth in that case, and that there was no valid reason, be it the arbitration clause or the concurrent jurisdiction of the municipal court, for the trial court not to appropriately apply those principles in making its damage determination. That case must, however, be distinguished in part from this case in that the contract there involved services over a period of a year or more payable monthly at one twelfth the annual rate, and the action involved only the seven remaining months of the year and the monthly payments which would have been due when the services were performed. Accordingly, the literal provisions of much of the syllabus speak only to unperformed services and the compensation due for same under the contract provisions. The principles, however, are the same if properly applied, as in the second paragraph of the syllabus, to permit a non-breaching plaintiff to recover as damages the profit from performance of the contract denied to him by the defendant's breach as well as to recover the profit due the plaintiff for that part of the contract already performed. In applying the wrong standard of damages and not making appropriate application of the principles of law set forth in the syllabus of the cited case, the trial court committed reversible error as set forth in the assignment of error.

Is it possible then for this court to "render the judgment that the trial court should have rendered" as required in some cases by the provisions of App.R. 12(B)? The answer is in the negative.

■ Ignoring the down payment on the contract price, plaintiff, by virtue of its bargain, was entitled to receive as damages the contract price for full performance reduced only by the amount that defendant's breach saved plaintiff, *i.e.,* the value to plaintiff of the relief from full performance. Defendant's breach saved plaintiff the cost to plaintiff of the completion of performance, including, if supported by the evidence, items of labor, materials, and overhead attributable to that performance. It was plaintiff's burden to prove each of these amounts. The problem is that the trial court made two conflicting findings as to the cost of completion of performance, neither of which we may accept because of the conflict and one of which we can further not accept because it is an "approximate." An "approximate" has no probative value on an issue which requires an exact determination, and, also, the cost found therein being confined to labor and materials without more

specificity, we cannot tell whether the determination included *all* of plaintiff's costs to complete the contract performance.

Accordingly, we must remand to the trial court for it to make appropriate findings on the basis of the evidence already adduced, if same is available, or, if not available, for new trial on the issue only of what the performance prevented by defendant's breach would have cost the plaintiff. The contract price less that amount determines plaintiff's gross damages, and judgment shall be rendered for plaintiff for its net damages, being the amount of his gross damages less the down payment already made to plaintiff on the contract price.

*Judgment reversed*
*and cause remanded.*

MILLER, P.J., and COLE, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.