This Court granted the petition of Woodward Construction 
Design, Inc. ("Woodward"), for a writ of certiorari to the Court of Civil Appeals to review that court's reversal of a judgment holding that Woodward had not wrongfully terminated its contract with Miree Painting Company ("Miree"), and awarding Woodward $4,611 for its cost of completing the work contemplated in the contract, 627 So.2d 389. The specific issue for our review is whether the Court of Civil Appeals erred in awarding Miree $10,000 in damages for Woodward's breach of the contract.
In its opinion, the Court of Civil Appeals held that Woodward breached the contract between it and Miree by failing to provide Miree with proper notice of its intent to terminate the contract. The court then held, in the final sentence of the opinion: "[F]urther, because Woodward's actions prevented Miree from completing the work as called for by the contract, we remand the cause with instructions that the trial court enter a judgment for Miree on its claim for $10,000."
Although this Court agrees with the Court of Civil Appeals that Woodward breached the contract by failing to give proper notice, we also conclude that the damages award — which is the difference between the contract price and the amount that was paid to Miree before the contract was terminated — is erroneous. In Braswell v. Malone, 262 Ala. 323, 78 So.2d 631
(1955), this Court stated the rule for calculating damages in situations where the defendant has prevented the plaintiff from performing:
 "If the complainants [general contractor] breached an essential and dependent feature of the contract, the contractor [subcontractor] may abandon it and either (1) sue on the contract and recover an amount equal to a proportion of the contract price which he has earned, or (2) sue for work and labor done on a quantum meruit without regard to the price named in the contract."
We are concerned with only the first alternative enunciated inBraswell, because Miree brought the action solely on the contract and did not include a quantum meruit count in its complaint. The method for determining the proper measure of damages on the contract was clarified by the Court of Appeals in Whiting v. Dodd, 39 Ala. App. 80, 83, 94 So.2d 411, 414
(1957), where that court held:
 " 'When a plaintiff sues on a contract to recover the amount he would have received for the full performance prevented by the defendant's breach, he seeks in effect to recover as damages the profit from performance of the contract which profit defendant's breach prevented him from earning. In such a case, plaintiff has the burden of alleging and proving not only (a) what he would have received from the performance so prevented, but also (b) what such performance would have cost him (or the value to him of relief therefrom). Unless he proves both of those facts, he cannot recover as damages the profits he would have earned from full performance of the contract.' "[1] *Page 395 
(Quoting Allen, Heaton McDonald, Inc. v. Castle FarmAmusement Co., 151 Ohio St. 522, 86 N.E.2d 782, 784 (1949)). (Emphasis added.) The $10,000 damages award is erroneous because the award has not been adjusted for the amount Miree would have had to spend to make its work acceptable to the architect and the owner after those parties rejected Miree's work. The $10,000 award therefore constitutes pure profit for Miree; it does not represent a proportion of the contract price that has been earned.
Therefore, the judgment is due to be reversed and the case remanded for an order directing the trial court to allow Miree to present evidence of what its cost of completion would have been had Woodward not wrongfully terminated the contract. Of course, Woodward's cost of completing the painting work — $14,661 — is relevant to the inquiry and may be offered in rebuttal to any evidence presented by Miree.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Many jurisdictions adhere to the rule that the measure of damages in a situation where one party has prevented the other from performing is the contract price less the cost of completion. See, e.g., Sweeney Co. of Maryland v.Engineers-Constructors, Inc., 823 F.2d 805 (4th Cir. 1987) (applying Virginia law); Ark Constr. Co. v. City of Florissant,558 S.W.2d 418 (Mo.App. 1977).