Respectfully, I dissent. I would affirm the trial court's grant of partial summary judgment in favor of appellee. The rule set out in Fox Assoc. Co. v. Purdon (1989), 44 Ohio St.3d 69, for attorney-client contingency fee contracts should apply in this case. The Code of Professional Responsibility must be followed by those representing employers before the Bureau of Workers' Compensation, Regional Boards of Review and the Industrial Commission. Ohio Admin. Code 4121-2-01 (A) (5). Therefore, such agents should be subject to the rules concerning fees set out in the Code of Professional Responsibility. Fox is based upon the rules set out in the Disciplinary Code.
The majority states that the amount of damages recoverable by appellant would be the contract price less the costs saved by being relieved of further performance. See Channel Dry, Inc. v.Haver, (1990), 70 Ohio App.3d 197; Allen, Heaton McDonald v.Castle Farm Amusement Co. (1949), 151 Ohio St. 522; SentinelConsumer Prod. Inc. v. Mills, Hall, Walborn Assoc., Inc.
(1996), 110 Ohio App.3d 211, 217. In the case of a contingency fee contract for services, it may be impossible to determine the cost savings for relief from further performance. See Scheinesohnv. Lemonek (1911), 84 Ohio St. 424; Roberts v. Montgomery
(1926), 115 Ohio St. 502. That is why previous to Fox, courts held that if a client unjustly repudiates a contingency fee contact for legal services, the attorney is entitled to recover the full contract price. Schieneshohn, Roberts, supra. In this case, it is probably impossible to determine how much work appellant would have to perform in order to recover cost savings for appellee. The equities of the situation demand that the rule of Fox should apply.
Appellee did not demonstrate that the trial court abused its discretion in finding that the reasonable value of services rendered was $600.00. Appellant did not file a copy of the trial transcript. Without knowing what evidence was presented, this court is unable to find that the trial court abused its discretion and must presume regularity. Wozniak v. Wozniak
(1993), 90 Ohio App.3d 400, 409; Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
Accordingly, I would overrule appellant's assignments of errors and affirm the decision of the trial court.