OPINION
In this accelerated calendar case, appellant, Thomas J. Simon, appeals from the judgment of the Ashtabula Municipal Court entered on October 26, 2000. This judgment entry returned possession of the Dry Dock, a bar in Ashtabula, Ohio, to appellee, Chrystal Smith.
Smith's mother previously owned and operated the Dry Dock. When her mother died, Smith contacted Simon, an attorney, to challenge the will. As part of the settlement to the will challenge, Smith purchased the Dry Dock from her mother's estate for $150,000. Smith was only nineteen or twenty years old, but she operated the bar for about two years. Smith then ran into financial problems with the bar and went to Simon for help. Simon purchased the bar from Smith for $150,000.
On October 10, 1996, Smith and Simon signed two documents. One was a purchase agreement. The basic terms of the purchase agreement were that Simon would pay off various debts Smith had incurred as part of the purchase price, then pay the remainder of the $150,000 in three equal yearly installments beginning in 1997. The second document was a "management agreement." The management agreement allowed Simon to run the bar and keep the profits. Simon was to pay Smith $1,500 for each of the two-year terms. These two-year terms could be renewed at Simon's option for up to a total of six years.
In September 1999, Smith filed suit against Simon for breach of the purchase agreement in the Ashtabula Court of Common Pleas. Then, in April of 2000, Smith filed a two count forcible entry and detainer action in the Ashtabula Municipal Court. Count one sought to evict Simon from the premises, and count two sought monetary damages. Simon then filed a motion to dismiss these counts. The court dismissed count two, because it was the same cause of action that was pending in the common pleas court. On May 10, 2000, the parties entered into a settlement agreement. Simon was to pay $150,000, plus Smith's reasonable attorney fees up to $20,000. As part of the agreement, Smith was to give Simon an itemization of attorney fees. Simon was to pay a first installment payment of $25,000 by June 15, 2000. Smith never gave Simon an itemized list of attorney fees, and Simon never made the $25,000 payment.Smith then filed a second forcible entry and detainer action against Simon on August 27, 2000. Simon filed a motion to dismiss based on the settlement agreement. The municipal court denied this motion and combined the two eviction actions. A hearing was held in October of 2000, and the judgment entry that resulted is the subject of this appeal.
Simon raises three assignments of error. His first assignment of error is:
 "The trial court's decision to deny appellant's April 19, 2000 motion to dismiss count I of appellee's complaint was contrary to law."
 Simon argues that the jurisdictional priority rule prohibits the municipal court from exercising jurisdiction over count one, because of the concurrent action in common pleas court. The jurisdictional priority rule provides: "`[a]s between (state) courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" (Citations omitted.) State ex rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 393. For the rule to apply, the second case must be the same cause of action and be between the same parties. State ex rel. Sellers v. Gerken (1995), 72 Ohio St.3d 115, 117, quoting State ex rel. Judson v. Spahr (1987), 33 Ohio St.3d 111, 113. The Supreme Court of Ohio has addressed the jurisdictional priority rule as it applies to a forcible entry and detainer action, stating:
 "`[S]ince the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible (entry and) detainer.'" *** Application of the jurisdictional priority rule to bar a forcible entry and detainer action from proceeding based on a previously filed collateral proceeding bringing title of the same property into question is `inequitable and inappropriate in a recovery of real property case.'" (Citations omitted.) State ex rel. Weiss v. Hoover, Judge (1999), 84 Ohio St.3d 530, 532-533.
 The common pleas action in the case sub judice was a contract dispute. If a title dispute in common pleas court does not bar a forcible entry and detainer action, a contract dispute involving real property likewise does not bar a forcible entry and detainer action. Count one of the forcible entry and detainer action sought possession. This was not the same cause of action as the litigation in common pleas court for the contract dispute. Count two of the forcible entry and detainer action sought damages. Count two was similar to the claim pending in common pleas court and, thus, barred by the jurisdictional priority rule.
The trial court did not abuse its discretion by failing to dismiss count one of the forcible entry and detainer action. Appellant's first assignment of error is without merit.
Appellant's second assignment of error is:
 "The trial court's decision to deny appellant's August 31, 2000 [motion to enforce the May 10, 2000] settlement agreement was contrary to law."
 The trial court held that Smith's duty to provide an itemized list of attorney fees was not a condition precedent to Simon's duty to pay the $25,000. The settlement agreement called for Simon to pay $150,000, plus the reasonable attorney fees up to $20,000. Simon did not dispute that he owed Smith $150,000. Therefore, the $25,000 initial payment could have been applied to the total debt owed. Paying the initial payment was not, in any way, dependent on receiving an itemized list of attorney fees. Appellant does not point to conditional language in the settlement agreement regarding the list of attorney fees.
The failure of Smith to provide Simon with an itemized list of attorney fees did not excuse the performance of Simon to pay the $25,000 by June 15, 2000. Therefore, the settlement agreement was breached by Simon when he didn't make the initial payment. Smith was not bound to perform her part the agreement, since "[u]pon the breach of a contract by a defendant, the plaintiff may elect to rescind the contract. ***" (Citations omitted.) Allen, Heaton McDonald, Inc. v. Castle FarmAmusement Co. (1949), 151 Ohio St. 522, 524. Simon did not comply with the settlement agreement, and the trial court did not abuse its discretion by failing to recognize the agreement. Simon's second assignment of error is overruled.
Appellant's final assignment of error is:
 "The trial court's decision that the parties' purchase agreement and management agreement entered into by the parties on October 10, 1996 were not totally independent contracts and, as such, appellee was entitled to restitution and possession of the premises located at 1119 west 5th Street, Ashtabula, Ohio was contrary to law[.]"
 Simon argues that even if he breached the purchase agreement, he is still entitled to possession under the management agreement, because they are two separate contracts. Simon drafted both of these documents. When the documents were signed, Smith was not represented by separate counsel.
Both of these documents were signed on the same day. A separate management agreement was required in order for Simon to operate the bar under a liquor license that wasn't in his name. A single transaction can be comprised of a purchase agreement and a management agreement "to result in the sale, exchange, lease or rental of real estate." Divito v.Buckeye Union Cas. Co. (1963), 174 Ohio St. 301, 308. Here, both of these documents composed a single transaction, and the trial court did not commit error in reaching this conclusion.
Appellant's final assignment of error is also without merit. The judgment of the trail court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.