DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Circuit Solutions, Inc., appeals from the judgment of the Lorain County Court of Common Pleas that found in favor of Appellee, Mueller Electric Company. This Court reverses.
 I. {¶ 2} On May 30, 2003, Appellant filed a complaint for breach of contract, promissory estoppel, and fraudulent concealment. Appellee counterclaimed for conversion of property. After a three day bench trial, the parties submitted their closing arguments in writing. Subsequently, the trial court entered a written judgment in favor of Appellee on Appellant's claims. As to Appellee's counterclaim, the trial court entered a conditional judgment also in favor of Appellee. Upon the motion of Appellant, the trial court subsequently entered a final order of judgment and dismissed Appellee's counterclaim.
 {¶ 3} Appellant timely appealed, asserting three assignments of error for review. For ease of discussion, we will consider all three assignments of error together.
 II. A. First Assignment of Error
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DETERMINING, CONTRARY [sic] THE MANIFEST WEIGHT OF THE EVIDENCE, THAT CIRCUIT SOLUTIONS, INC. WAS NOT ENTITLED TO RECOVERY FOR ITEMS THAT IT PROVIDED TO MUELLER ELECTRIC COMPANY FOR WHICH IT WAS NOT PAID."
 Second Assignment of Error
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, IN DETERMINING, CONTRARY [sic] THE MANIFEST WEIGHT OF THE EVIDENCE, THAT PURCHASE ORDERS ON WHICH CIRCUIT SOLUTIONS, INC. SOUGHT LOSS OF PROFITS DAMAGES HAD BEEN CANCELLED BY THE PARTIES WITH DAMAGES WAIVED."
 Third Assignment of Error
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT APPLIED THE WRONG TEST FOR DETERMINING LOSS OF PROFITS DAMAGES."
 {¶ 4} Appellant's three assignments of error generally address the trial court's decision as being against the manifest weight of the evidence and the trial court's misapplication of the law. Appellant also asserts as to all three errors that the trial court applied the wrong burden of proof in this case. As to Appellant's argument regarding the application of the wrong burden of proof, we agree.
 {¶ 5} The trial court found "the [Appellant] did not meet its burden of proof by clear and convincing evidence on any of its claims." (Emphasis added.) However, the underlying case involved a number of claims with different burdens of proof: promissory estoppel requiring clear and convincing evidence; and fraudulent concealment and breach of contract both requiring a preponderance of the evidence. In re Estate of Popov, 4th Dist. No. 02CA26, 2003-Ohio-4556, at ¶ 30; Chester v. Jordan (Feb. 20, 1998), 2d Dist. No. 97CA0007, at *2; Uvegas v. StorageWorld, Inc., 9th Dist. No. 05CA0052-M, 2006-Ohio-924, at ¶ 17.
 {¶ 6} Appellant's appeal focused only on the trial court's denial of its alleged damages incurred by the Appellee's breach of the contract: specifically, damages for unpaid tooling charges, under-billed product, and lost profits on the outstanding purchase orders. Accordingly, our review of the burden of proof will be limited to the same.
 {¶ 7} Under a breach of contract claim, a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure. Lawrence v. Lorain Cty.Community College (1998), 127 Ohio App.3d 546, 548-49. A recovery of damages in the form of lost profits requires the plaintiff to prove:
"(1) profits were within the contemplation of the parties at the time the contract was made, (2) the loss of profits is the probable result of the breach of contract, and (3) the profits are not remote and speculative and may be shown with reasonable certainty." Charles R. Combs Trucking, Inc. v. Internatl.Harvester Co. (1984), 12 Ohio St.3d 241, paragraph one of the syllabus.
The amount and existence of lost profits must be established with reasonable certainty. City of Gahanna v. EastgateProperties, Inc. (1988), 36 Ohio St.3d 65, syllabus. However, "profits, by their nature, are to some degree conjectural, [thus] recovery may be had where a preponderance of the evidence proves with a reasonable certainty the amount of profits lost." CharlesRaymond dba CATV Serv. Co. v. Buckeye Cablevision, Inc. (June 3, 1977), 6th Dist. No. L-76-071, at
 {¶ 8} The trial court held
"Plaintiff did not meet its burden of proving lost profits, * * *. The Court cannot find to any degree of reasonable certainty, * * *, just what the lost profits would have been. * * * Plaintiff did not meet its burden of proof by clear and convincing evidence on any of its claims." While the trial court stated it used reasonable certainty to decide Appellant's lost profit damages, the trial court went on to apply the clear and convincing burden of proof to all of Appellant's claims, including the breach of contract damages. Based upon the record, the trial court's blanket application of the clear and convincing standard to all Appellant's claims, including but not limited to the breach of contract and damages, was incorrect. The trial court's decision as to Appellant's breach of contract claim and damages must be reversed and the case remanded. Accordingly, we sustain each of Appellant's assignments of error based upon the trial court's application of the wrong burden of proof.
 B. {¶ 9} Appellant's second assignment of error, while labeled a manifest weight of the evidence challenge, actually challenges the trial court's application of law regarding which authority controls when there is a conflict between the parties' course of dealing and the terms of their agreement. Appellant maintains that when the parties' course of dealing is in direct conflict with the terms of the parties' agreement, the terms of the agreement control. We agree.
 {¶ 10} R.C. 1301.11(D) views terms of an agreement and parties' course of dealing as consistent with one another wherever reasonable. However, when the terms of the agreement and the parties' course of dealing are contrary to one another, then the terms of the agreement govern. Id.
 {¶ 11} Pursuant to the terms of the agreement, in order to cancel a purchase order Appellee needed to provide Appellant with written notice and Appellant had to accept the cancellation in writing to Appellee. However, the parties' course of dealing with respect to canceling purchase orders was not remotely consistent with the terms of the agreement. Instead, Appellee instituted the procedure of issuing new purchase orders with the intent to cancel the previous purchase orders. The new purchase orders did not contain any notation under the "Change/Cancel" section. Nor, did the parties exchange written notice of the cancellation and acceptance of the cancellation. Despite these inconsistencies between the terms of the agreement and the parties' course of dealing, the trial court focused on the parties' course of dealing in deciding the breach of contract claim on the open purchase orders.
 {¶ 12} As the terms of the agreement and the parties' course of dealing were inconsistent with each other, the terms of the agreement govern. Accordingly, the trial court erred in its analysis and application of the law and we sustain Appellant's second assignment of error.
 C. {¶ 13} In its third assignment of error, Appellant argues that the trial court applied the wrong test in determining the amount of Appellant's lost profits. Appellant asserts that the trial court improperly considered Appellant's overall profitability as opposed to the test set forth in Allen, Heaton McDonald, Inc. v. Castle Farm Amusement Co. to decide lost profits. (1949), 151 Ohio St. 522, paragraphs one and two of the syllabus. We agree.
 {¶ 14} In a breach of contract claim based upon a defendant's repudiation of the contract, and where the plaintiff has not substantially performed, plaintiff may recover damages for the defendant's breach of contract. Allen, Heaton McDonald, Inc.
at paragraph one of the syllabus. In this instance, a plaintiff seeks to "recover as damages the profit from performance of the contract that defendant's breach prevented him from earning." Id. at paragraph two of the syllabus. In order to recover damages for the "profits he would have earned from full performance of the contract," plaintiff must prove both of the following elements: "(a) what he would have received under the contract from the performance so prevented, [and] (b)what such performance would have cost him (or the value to him of relief therefrom)." Id. at paragraph three of the syllabus.
 {¶ 15} However, the trial court did not apply the two-prong test set forth in Allen. Instead, the trial court applied an overall profitability analysis in which it held, "[t]he amounts figured by [Appellant] do not reasonably relate to the profits shown in the two years during which [Appellant] was doing [Appellee's] work." The test set forth in Allen does not require the plaintiff to prove the relationship of plaintiff's lost profits to its overall profitability. Accordingly, the trial court applied the wrong law in deciding Appellant's lost profits and we sustain Appellant's third assignment of error.
 {¶ 16} As to all three of Appellant's assignments of error we reverse and remand the case based on the trial court's incorrect application of the burden of proof. Additionally, as to Appellant's second and third assignments of error we reverse and remand the case based on the trial court's misapplication of the law.
 III. {¶ 17} Appellant's three assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, P.J. Moore, J. Concur.