N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this Court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).
{¶ 1} Plaintiff-appellant, Douglas N. Barr, individually and as trustee of the Norton Family Trusts, appeals the court's dismissing his lawsuit for various corporate wrongdoings, pursuant to Civ.R. 12(B)(6), for failure to state a claim. After reviewing the facts of the case and pertinent law, we affirm in part, reverse in part, and remand.
 {¶ 2} Dating back to the 1990's, appellant was an individual shareholder in the Oglebay Norton Company ("Oglebay"), as well as trustee of the Norton Family Trusts, which also held stock in Oglebay. Sometime in 1997 or 1998, appellant requested that Oglebay buy back his and the trusts' stock, totaling approximately 300,000 shares. The defendants, former Oglebay board members and officers, approved the buyback for approximately $30 per share, totaling $9 million for appellant and the trusts. However, over the course of the next few years, former Oglebay CEO John N. Lauer ("Lauer"), who is also a defendant in this case, convinced appellant not to sell his and the trusts' shares, and promised to use his best efforts to make Oglebay more profitable. According to appellant, Lauer disclosed financial data, negotiation details regarding corporate acquisitions, and other "insider" information that was not made available to any other shareholder, to him on a regular basis. Appellant alleges that in reliance on Lauer's promises, he decided against selling the Oglebay stock. In February 2004, Oglebay filed for bankruptcy. Appellant argues that Lauer's false promises and mismanagement of corporate assets, along with the board's failure to oversee his activities, caused this demise.
 {¶ 3} On December 15, 2004, appellant filed suit against the defendants, listing the following as causes of action: breach of contract; breach of fiduciary duty; reckless/negligent misrepresentation; fraud; fraudulent misrepresentation; corporate waste; and reckless/negligent hiring and retention. On December 7, 2005, the court granted the defendants' motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim. It is from this order that appellant appeals.
 {¶ 4} In his sole assignment of error, appellant argues that "the trial court erred in granting appellees' motions to dismiss the first amended complaint." Specifically, appellant argues that he pled facts sufficient to maintain his various causes of action, and that he was entitled to bring his claims via a direct action, rather than a shareholder derivative action.
 {¶ 5} We review a court's granting a motion to dismiss de novo.Tisdale v. Javitch, Block Rathbone, Cuyahoga App. No. 83119,2003-Ohio-6883. When ruling on a motion to dismiss for failure to state a claim, the court must assume that all factual allegations in the complaint are true, and it must appear beyond a reasonable doubt that the plaintiff can prove no set of facts warranting recovery. Tulloh v.Goodyear Atomic Corp. (1992), 62 Ohio St.3d 541.
Shareholder derivative v. direct cause of action
 {¶ 6} Generally, causes of action alleging negligence, fraud or breach of fiduciary duty by corporate directors and officers are to be brought in the form of shareholder derivative suits. See Grand Council v.Owens (1993), 86 Ohio App.3d 215; Civ.R. 23.1.
 " [O]nly a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, a corporation. However, this general principle has no application where the wrongful acts are not only against the corporation but are also violations of a duty arising from contract or otherwise owed directly by the wrongdoer to the shareholder. * * * Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline."
Adair v. Wozniak (1986), 23 Ohio St.3d 174, 176-78 (emphasis added).
 {¶ 7} In the instant case, appellant claims that the injury complained of is unique to him and the trust, and includes "the loss sustained from not having the Company buy back his and the Trust's shares at $30 per share for 300,000 shares, totaling $9,000,000." Appellant further claims that the injury was based on his inability to sell the shares because he was privy to insider information. It is undisputed that appellant filed this suit as a direct action and not on behalf of the corporation as a shareholder derivative suit.
 {¶ 8} Given this, only "violations of a duty arising from contract or otherwise directly owed" by the defendants to appellant may be the basis for a viable claim in the case at hand. Accordingly, appellant's causes of action for breach of fiduciary duty, corporate waste and reckless/negligent hiring and retention must necessarily fail, as he did not allege any facts supporting that the defendants owed him or the trusts a duty in these areas beyond what they owed all shareholders. See, e.g., Boedeker v. Rogers (2000), 140 Ohio App.3d 11, 19 (holding that a "shareholder brings a direct action when the shareholder is injured in a way that is separate and distinct from the injury to the corporation"). Appellant's injury that flows from a breach of corporate fiduciary duty or unreasonable hiring practices of the defendants amounts to nothing more than loss of the stock's value, which is an injury shared in common with all other stockholders.
 {¶ 9} Appellant's remaining causes of action, namely, breach of contract, fraud and misrepresentation, will be analyzed separately, under the guise that they may be brought as direct actions, specific to the facts of the case at hand.
Breach of contract
 {¶ 10} To establish a claim for breach of contract, a plaintiff must show that 1) a contract existed; 2) his or her obligations were fulfilled; 3) the defendants failed to fulfill their obligations; and 4) damages resulted. Circuit Solutions, Inc. v. Mueller Elec. Co., Lorain App. No. 05CA008775, 2006-Ohio-4321. Additionally, "[t]o prove the existence of a contract, a plaintiff must show that both parties consented to the terms of the contract, that there was a `meeting of the minds' of both parties, and that the terms of the contract are definite and certain." Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 484.
 {¶ 11} In the instant case, appellant offers no facts in the pleadings which show that the terms of the alleged contract are definite and certain. Lauer's statement that he would "employ his best efforts to make prudent business decisions in order to increase Plaintiff's and the Trusts' share value" does not constitute a contract term. Compare,Lake v. Wolff Brothers Supply, Inc. (Nov. 10, 1993), Cuyahoga App. No. 63959 (holding that an employer's promise of "don't worry. If you do this well, you will have this position forever," was too vague to constitute an employment contract). Accordingly, we conclude that appellant can prove no set of facts warranting recovery for breach of contract.
Fraud
 {¶ 12} The elements of fraud are as follows: 1) a false representation; 2) made with knowledge of its falsity; 3) with the intent to induce the injured party to rely on the representation; 4) justifiable reliance by the injured party; and 5) resulting injury. SeeBradley v. Bessick (Apr. 12, 2000), Lorain App. No. 98CA007182. Furthermore, pursuant to Civ.R. 9(B), in "all averments of fraud * * *, the circumstances * * * shall be stated with particularity." A failure to plead fraud with particularity may warrant a dismissal for failure to state a claim. Richard v. WJW TV-8, Cuyahoga App. No. 84541,2005-Ohio-1170.
 {¶ 13} In the instant case, appellant's complaint stated the following with regard to fraud: "Mr. Lauer knowingly and intentionally made material representations to Plaintiff when he gave him repeated assurances that Oglebay Norton would pursue a business plan that would steadily increase shareholder value." However, there is nothing in the complaint that states Lauer made these representations with knowledge of their falsity. Given this, appellant cannot meet the second element of fraud and his claim for such must fail. Misrepresentation
Negligent misrepresentation occurs when
 " [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."
Delman v. Cleveland Heights (1989), 41 Ohio St.3d 1, 4 (emphasis omitted; citing 3 Restatement of the Law 2d, Torts (1965), 126-27, Section 552(1)). Furthermore, statements which do not rise to the level of fraud may nonetheless constitute actionable misrepresentations if they are based in good faith yet still "coupled with negligence."Marasco v. Hopewell, Franklin App. No. 03AP-1081, 2004- Ohio-6715.
 {¶ 14} In the instant case, Lauer made representations and gave information to appellant, to guide him into keeping his and the trusts' stock, and appellant claims he justifiably relied on that information in deciding not to sell. Furthermore, appellant alleges that information was false and Lauer did not exercise reasonable care when he told appellant he would use his best efforts to turn the business around. While we have no opinion on the ultimate merits of this claim, we find that appellant did sufficiently plead this cause of action in his complaint. Therefore, the court erred when it granted the defendants' motion to dismiss as to appellant's claim of negligent misrepresentation, and this case is reversed and remanded as to this cause of action only. The court's dismissing all other causes of action for failure to state a claim upon which relief can be granted is affirmed.
Judgment affirmed in part, reversed in part, and remanded.
It is ordered that appellant and appellees share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and ANTHONY O. CALABRESE, JR., J., CONCUR