DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment, after a trial to the court, in favor of Trimat Construction, Inc. and Maurice A. Toler, defendants below and appellees herein, on claims brought against them by Five Star Supply, Inc., plaintiff below and appellant herein.
 {¶ 2} The following error is assigned for our review:
"The trial court's finding that tax credits due the defendants were in excess of the amount due to the plaintiff on an account was against the manifest weight of the evidence and the judgment thereon was contrary to law."
 {¶ 3} Appellant Five Star Supply (Five Star) is a retail materials supplier. Appellee Trimat Construction, Inc. (Trimat) is a construction company. Five Star sold to Trimat various construction materials for several jobs. On March 13, 2003, Five Star commenced the instant action and alleged that Trimat had not paid for some of those materials and owed $13,935.93 on an account.[1] Trimat denied liability.
 {¶ 4} At the October 28, 2003 bench trial, Randy Ray, a part owner of Five Star, testified that Trimat owed $13,935.93 on account for construction materials. Appellee Toler (Trimat) testified that some materials Five Star sold them were for "public works" projects that were tax exempt. The ramifications of this tax exempt status is, however, somewhat unclear from the record. On one hand, Toler testified that the sales taxes were paid and then subsequently reimbursed by the state.[2] On the other hand, Toler also seemed to suggest that once a "certificate" of tax exempt status had been awarded, the buyer no longer needed to pay any sales taxes. In any event, Toler was adamant that Trimat deserved a credit on its account for sales taxes that were paid for the materials it purchased. What the witness was less clear about, however, was the amount of such credit. At one point Toler testified that if Five Star sent the proper documentation to the State, it would "probably get back six to ten thousand dollars or more." (Emphasis added.) Moments later, Toler stated "if the tax credits was given to us the finance charges taken off the tax credit, they probably owe us money." (Emphasis added.) Toler later conceded that he did not calculate the extent of the tax credits Five Star owed his company. Rather, he stated that his testimony was just a "rough number."
 {¶ 5} At the conclusion of the trial, the trial court judge informed the parties they had left him "in a bad position" because he did not know for sure whether the state was liable for the sales tax reimbursement. The judge recommended that the parties "ought to get together and see if [they] can get this money back from the state before [he tried] to make a decision because if that's true [they were] just battling around with money that the state owe[d] back . . ."
 {¶ 6} It is unclear how much effort the parties expended to resolve this matter themselves, but on November 25, 2003, Five Star filed a motion and asked the court for a final decision. The trial court responded on February 9, 2004 and found that the "amount of the tax credit due [Trimat] was in excess of the amount claimed by [Five Star]," and consequently, entered judgment in Trimat's favor. This appeal followed.
 {¶ 7} Five Star argues in its assignment of error that the trial court's judgment is against the manifest weight of the evidence. Initially, we note that judgments supported by some competent and credible evidence will not be reversed on appeal as being against the manifest weight of the evidence. Shemo v.Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018;Vogel v. Wells (1991), 57 Ohio St.3d 91, 96, 566 N.E.2d 154;C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to sustain the judgment and to prevent a reversal. See Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989;Willman v. Cole, Adams App. No. 01CA725, 2002-Ohio-3596, ¶¶ 24;Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 8} We also note that questions concerning the weight of the evidence and the credibility of witnesses are to be determined by the trier of fact. Cole v. Complete Auto Transit,Inc. (1997), 119 Ohio App.3d 771, 777-778, 696 N.E.2d 289;Jacobs v. Jacobs, Scioto App. No. 02CA2846, 2003-Ohio-3466 at ¶ 31; GTE Telephone Operations v. J H Reinforcing StructuralErectors, Inc., Scioto App. No. 01CA2808, 2002-Ohio-2553, at ¶ 10. The underlying rationale for deferring to the trier of fact on these issues is that they are better able than this Court to view the witnesses, observe their demeanor, gestures and voice inflections and use those observations in weighing credibility. See Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273. Thus, the trial court was free to believe all, part or none of the testimony of any witness who appeared before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993),89 Ohio App.3d 35, 42, 623 N.E.2d 591; also see State v. Nichols (1993),85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. Harriston (1989),63 Ohio App.3d 58, 63, 577 N.E.2d 1144.
 {¶ 9} At this juncture, we note that we share the trial court's frustration concerning the paucity of evidence submitted for the court's consideration, especially from Trimat's viewpoint. In light of the foregoing weight of the evidence standard, if even some small degree of evidence definitively established that the tax credits due and owing to Trimat exceeded Trimat's debt to Five Star for materials, then we would be justified in affirming the trial court's judgment. After our review of the evidence, however, we cannot reach that conclusion.
 {¶ 10} Trimat's sole witness, Maurice A. Toler, did not provide a definitive answer regarding the amount of the tax credits that were due his company. He did suggest at one point that those credits and finance charges "probably" exceeded what was owed for materials. At another point, however, he stated that the amount was somewhere between "six to ten thousand dollars" which is less that what appears to be owed to Five Star on its account. Toler later conceded that his testimony regarding tax credits was just a "rough number" — essentially, a guess.
 {¶ 11} This matter is not the type of case (e.g. a tort case) in which damages may be awarded on the basis of estimates of monetary value assigned to an injury. Rather, the instant case involves an action on an account that involves precise sums of money. "Probabilities" simply are not good enough here. The precise amount of the tax credit due Trimat must be determined. Because Trimat did not provide a precise amount for those credits, insufficient evidence (as the trial court so aptly noted at the close of the trial when it expressed its frustration with the quality of the evidence) exists on which to base a decision. Rather, this matter must be remanded for further proceedings so that the parties may further develop the record in this regard.
 {¶ 12} Trimat counters that through "simple mathematics," and applying the state sales tax rate to the materials set out in the invoices adduced below, we should be able to conclude that the trial court's judgment is correct. We are not persuaded. The invoices adduced at trial are not entirely clear as to the "job" in question and whether that job was tax exempt. Indeed, it is unclear from the record whether Five Star only supplied Trimat with materials for tax exempt jobs or whether it may also have supplied it materials for other, non-tax exempt jobs as well. If so, then multiplying the state sales tax rate against the number in those invoices would not be of much use.
 {¶ 13} More important, however, this is not the responsibility of the courts. Trimat raised the issue of tax credits that were owed to it as a defense to the action on account. Consequently, Trimat had the burden to prove that defense (i.e. the amount of the credits) by a preponderance of the evidence. The evidence adduced during the trial court proceeding did not satisfy that burden.[3] We also parenthetically note that if this was a matter of "simple mathematics," then Toler could have provided a definitive figure in his trial testimony. Interpreting the invoices and deriving a figure for the tax credit due to Trimat is difficult in light of the state of the evidence.
 {¶ 14} Therefore, based upon the foregoing reasons we agree that the trial court's judgment is against the manifest weight of the evidence. Accordingly, the assignment of error is well taken and is hereby sustained, the judgment is hereby reversed and this case is remanded for further proceedings to determine the precise amount of the tax credit, if any, due to Trimat.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and case remanded for further proceedings consistent with this opinion. Appellant shall recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] Appellee Maurice A. Toler was joined as a defendant in this case because he allegedly executed a personal guarantee of payment for any materials purchased by his company from the Five Star.
[2] This was also the gist of Ray's testimony.
[3] We do not mean to suggest that Trimat failed to meet its burden of proving that it is entitled to some credit on their account. The trial court implicitly found that a credit was due and that finding is supported by Toler's testimony. It is the precise amount of the credit that is at issue.