OPINION
{¶ 1} Plaintiff-appellant, Linda Lakes, appeals the decision of the Brown County Municipal Court in favor of defendants-appellees, Shelby and Yong Suk Mayo.[1] For the reasons that follow, we reverse the municipal court's decision.
 {¶ 2} In October 2004, Lakes entered into a land contract with the Mayos to sell them an apartment building in Ripley, Ohio. The Mayos paid $5,000 when they signed the contract, with monthly payments due thereafter. In April 2005, Lakes served the Mayos with a "Notice of Forfeiture of Land Installment Contract," asserting that the Mayos had violated several provisions of the contract. Specifically, Lakes alleged that the Mayos did not provide flood, fire, and extended liability insurance as required by the contract, and that they made "structural changes" to the property in violation of the contract. The notice stated that the land contract would be forfeited if the Mayos did not meet certain terms and conditions within 10 days. Approximately one month later, Lakes filed a complaint for forfeiture against the Mayos in the municipal court, asserting that the Mayos had materially breached the land contract.
 {¶ 3} After a bench trial in October 2005, the municipal court issued a decision denying relief to Lakes. Lakes now appeals, assigning one error as follows:
 {¶ 4} "THE TRIAL COURT'S FINDING THAT THE DEFENDANTS-APPELLEE[S] DID NOT MATERIALLY BREACH THE LAND INSTALLMENT CONTRACT BETWEEN THE PARTIES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In her sole assignment of error, Lakes argues that the municipal court's decision finding no material breach by the Mayos was against the manifest weight of the evidence. First, Lakes argues that the Mayos materially breached the provision requiring them to provide flood, fire, and extended liability insurance. Second, Lakes argues that the Mayos materially breached the provision forbidding "structural changes" to the property without Lakes' consent.
 {¶ 6} We will not reverse a judgment as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. Henson v. K. Collins Plumbing, Inc.,
Clermont App. No. CA2005-07-069, 2006-Ohio-3090, ¶ 46, citingC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St .2d 279, syllabus. In determining whether a judgment is against the manifest weight of the evidence, a court of appeals must be guided by a presumption that the findings of the trier of fact were indeed correct. Choate v. Tranet, Inc., Warren App. No. CA2005-09-105, 2006-Ohio-4565, ¶ 68, citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80.
 {¶ 7} A breach of contract is a failure without legal excuse to perform any promise that forms a whole or part of a contract.Economy Linen Towel Service, Inc. v. McIntosh (Sept. 17, 2001), Butler App. No. CA2000-11-226, 2001 WL 1081376, *2. A party is relieved of its obligations under a contract only if the breach is material. Software Clearing House, Inc. v. Intrak,Inc. (1990), 66 Ohio App.3d 163, 170. A breach is material if performance or nonperformance of the disputed term is essential to the purpose of the agreement. Bd. of Commrs. of ClermontCty., Ohio v. Village of Batavia (Feb. 26, 2001), Clermont App. No. CA2000-06-039, 2001 WL 185464, *3. Mere nominal, trifling, or technical departures will not result in a breach of contract.Tucker v. Young, Highland App. No. 04-CA-10, 2006-Ohio-1126, ¶ 25.
 {¶ 8} We first address Lakes' argument regarding the Mayos' alleged structural change to the property. The contract provides as follows: "Vendee shall not make any structural changes to the property without the written consent of Vendor."
 {¶ 9} The record shows that the Mayos created an interior doorway to the apartment building by cutting into a wall. It is undisputed that the Mayos did not have the consent of Lakes to create the doorway. According to the Mayos, the doorway made the property more marketable to renters.
 {¶ 10} The contract does not define "structural." Webster's Third New International Dictionary provides two relevant definitions of "structural." Definition "1a" provides as follows: "of or relating to structure or a structure; affecting structure; used in building structures; constructional[.]" Webster's Third New International Dictionary (1993), 2266. Definition "1b" provides as follows: "of or relating to the load-bearing members or scheme of a building as opposed to the screening or ornamental elements[.]" Id. Definition "1b" gives the following examples of structural elements: "floor joists, rafters, wall and partition studs, supporting columns . . . foundations[.]" Id.
 {¶ 11} According to the municipal court, Lakes failed to prove that the creation of the doorway was a "structural" change. The court apparently interpreted "structural" consistent with definition "1b" above. We find no error in that interpretation. Definition "1a" is extremely broad, and likely does not reflect what the parties intended. Applying the "1b" definition, the record supports the municipal court's decision that the Mayos did not materially breach the contract's provision regarding "structural changes." In his testimony, Shelby Mayo described the wall he altered as a "partition wall." Lakes, the only other witness to testify, did not testify that the wall was a load-bearing wall, or was otherwise "structural" within the meaning of definition "1b." Accordingly, we reject appellant's argument regarding the Mayos' alleged structural change.
 {¶ 12} We now address Lakes' arguments regarding the contract's insurance provision, which provides as follows:
 {¶ 13} "Vendee shall provide and maintain flood, fire and extended liability insurance coverage for the improvements on the property, in an amount not less than the purchase price balance, in companies satisfactory to the Vendor, with loss payable to Vendor and Vendee, as their interests appear. The policy shall be delivered to and held by the Vendor."
 {¶ 14} Lakes argues that the Mayos materially breached the above provision in three ways. She argues (1) that the Mayos failed to obtain the required insurance and deliver the policy to her; (2) that the Mayos failed to obtain insurance from a company satisfactory to her; and (3) that the Mayos failed to obtain an insurance policy including her as a loss payee.
 {¶ 15} We disagree with Lakes' first argument regarding the insurance provision. The record shows that while the Mayos did not initially procure the required insurance, they did obtain an insurance policy effective December 4, 2004, well before the date on which Lakes served the "Notice of Forfeiture." The record further shows that Lakes received the policy in March 2005 from her attorney, who had received it from the Mayos. Accordingly, while there was some delay, the Mayos complied with the contract's insurance provision with respect to obtaining insurance and delivering the policy to Lakes. We find no error by the municipal court in determining that the Mayos did not materially breach the contract in that regard.
 {¶ 16} We also disagree with Lakes' second argument regarding the insurance provision. According to Lakes' testimony, her attorney informed her that the policy obtained by the Mayos was satisfactory. However, when Lakes reviewed the policy herself, she concluded that certain aspects of the policy were not satisfactory. Nevertheless, the record does not indicate that Lakes found the particular company used by the Mayos to be unsatisfactory, or that she complained of a lack of opportunity to investigate the company. Rather, Lakes' testimony indicates that her objections pertained to the substance of the policy. Accordingly, the record supports the municipal court's determination that the Mayos did not materially breach the contract's provision requiring them to obtain insurance "in companies satisfactory to the Vendor."
 {¶ 17} We find merit in Lakes' third argument regarding the contract's insurance provision. The record shows that the insurance policy obtained by the Mayos did not name Lakes as a loss payee as required by the contract, but only named the Mayos. It is this court's opinion that insuring Lakes' real property against loss was essential to the purpose of the contract. Had Lakes known that the Mayos would not obtain a policy providing protection specifically to her, she very likely would not have entered into the land contract. After reviewing the record, we find that the Mayos' failure to obtain a policy naming Lakes as a loss payee constituted a material breach of the contract. The municipal court's decision to the contrary is not supported by the record.
 {¶ 18} Because the record shows that the Mayos materially breached the land contract by not providing a policy of insurance naming Lakes as a loss payee, we sustain Lakes' sole assignment of error. We reverse the municipal court's decision dismissing Lakes' forfeiture complaint and remand this case for further proceedings according to law and consistent with this opinion.
Walsh and Young, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.