[Cite as *Rose v. Jones*, 2012-Ohio-1726.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| SANDRA D. ROSE | : | JUDGES: | |
|  | : | William B. Hoffman, P.J. | |
|  | : | John W. Wise, J. | |
| Plaintiff-Appellant | : | Julie A. Edwards, J. | |
|  | : |  | |
| -vs- | : | Case No. 2011CA00076 | |
|  | : |  | |
|  | : |  | |
| OMAR E. JONES, et al., | : | O P I N I O N | |
|  |  |  | |
| Defendants-Appellees | | | |

CHARACTER OF PROCEEDING:     Civil Appeal from Massillon Municipal
                             Court, Stark County, Ohio, Case No.
                             2010CVF1747

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      April 16, 2012

APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

KEVIN R. L'HOMMEDIEU                  AMANDA M. PAAR
53 W. Case Drive                      220 Market Avenue South, 8th Floor
Hudson, Ohio  44236                   Canton, Ohio  44702

*Edwards, J.*

{¶1} Plaintiff-appellant, Sandra Rose, appeals from the March 2, 2011, Order of the Massillon Municipal Court.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 5, 2006, appellees Omar E. Jones and Nancy J. Mathias signed a land installment contract to purchase specified property in Massillon, Ohio from appellant Sandra Rose fka Sandra Gehring, appellee Jones' sister, for $85,000.00. Previously, the two had rented the house from appellant. The land installment contract stated, in part, that appellees "will not make any structural change or remodel the existing building or add any new building thereon without first securing written permission of the Vendor herein,…"

{¶3} On July 21, 2010, appellant filed a complaint against appellees seeking forfeiture of the land installment contract. Appellant, in her complaint, alleged that appellees had violated the land installment contract by removing part of the kitchen wall, removing and replacing kitchen cabinets, and turning a bedroom into a laundry room and running plumbing throught the floors of such room. Appellant further alleged that appellees had violated the contract by creating an apartment in the basement and adding a pocket door to the entrance to the kitchen, removing a living room closet and replacing it with shelving and converting the house from a 3 bedroom house into a 2 bedroom house.

{¶4} Appellees, on August 19, 2010, filed an answer and counterclaim. Appellees, in their counterclaim, alleged that since the execution of the land contract and with appellant's knowledge, they had replaced water damaged kitchen cabinets,

adding plumbing fixtures in a wall outlet in one bedroom to facilitate a washer and dryer in that bedroom, and added removable shelving to a living room closet because the doors of the closet were falling off. Appellees maintained that the above were non-structural improvements and that appellant had filed suit against them in order to regain possession of the house in order to finance the purchase of a recreational vehicle. Appellees further alleged that, prior to the land installment contract, they had created an apartment in the basement and added a pocket door to the kitchen with appellant's knowledge.   Appellees alleged abuse of process and frivolous conduct pursuant to R.C. 2323.51 as well as unjust enrichment.

{¶5}   On December 9, 2010, appellees filed a Motion for Summary Judgment. Appellees, in their motion, alleged that the changes mentioned in appellant's complaint were not structural changes, were made prior to the inception of the land contract and/or were made with appellant's knowledge. In support of their motion, they attached appellant's deposition and the affidavit of appellee Omar E. Jones. Appellant filed a response to such motion on December 30, 2010. Appellant, in her response, alleged that it was premature for the court to find, as a matter of law, that there had been no structural damages to the subject real estate and argued that she was entitled to provide expert testimony as to such issue.

{¶6}   As memorialized in an Order filed on January 4, 2011, the trial court ordered appellant to provide the court, by January 31, 2011, with evidence from an expert witness that the subject property had been diminished in value, that there had been structural damage due to appellees' remodeling and "to what extent in monetary terms the property has been damaged due to Defendants' actions."

{¶7} On January 18, 2011, appellant, with leave of court, filed an amended complaint for forfeiture of the land installment contract and breach of contract.

{¶8} Appellant, on January 27, 2011, filed a response to the trial court's January 4, 2011, order. Appellant, in her response, stated that a home improvement contractor retained by her had reported that there had been no structural damage done to the property as a result of appellees' remodeling. However, appellant attached an affidavit to her response in which she stated that appellees had not obtained her written permission prior to the remodeling.

{¶9} A bench trial was set for March 2, 2011. Pursuant to an Order filed on March 2, 2011, the trial court granted appellees' Motion for Summary Judgment prior to the commencement of trial. The trial court, in its Order noted that no damages had been submitted to the trial court. In a separate Order filed the same day, the trial court granted appellees' Motion for Summary Judgment, finding that there were no structural damages or diminished value of the subject property. With respect to appellees' counterclaim, the trial court awarded appellees $4,000.00 in attorney fees, plus interest, paid to defend the frivolous conduct.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} "I. BECAUSE THE LAND INSTALLMENT CONTRACT PROHIBITED JONES FROM MAKING 'ANY STRUCTURAL CHANGE OR REMODEL' TO THE HOME, THE COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR JONES BECAUSE IT FOUND THAT THE CHANGES JONES MADE DID NOT ALSO 'DAMAGE' THE PROPERTY OR 'DIMINISH' ITS VALUE.

**{¶12}** "II. THE COURT ERRED IN AWARDING ATTORNEY FEES TO JONES BECAUSE ROSE'S CLAIMS HAD MERIT, WERE NOT FRIVOLOUS, AND SHOULD HAVE BEEN ALLOWED TO PROCEED TO TRIAL."

I

**{¶13}** Appellant, in her first assignment of error, argues that the trial court erred in granting appellees' Motion for Summary Judgment. We agree.

**{¶14}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:

**{¶15}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

**{¶16}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion

and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶17} As is stated above, the trial court, in its March 2, 2011, Order, granted summary judgment to appellees on the basis that there was no structural damage to the subject property and because the subject property was not diminished in value due to appellees' actions. Appellees now contend that the changes they made were not structural and cite to *Lakes v. Mayo*, 12th Dist. No. CA2006-01-003, 2006-Ohio-6072 in support of their argument.

{¶18} In *Lakes*, the court held that an interior door to an apartment building created by cutting into a wall was not a structural change. In such case, the parties' land installment contract prohibited structural changes to the property without the vendor's written consent, but did not define such term. In *Lakes*, the court held, in relevant part, as follows: "The contract does not define "structural." Webster's Third New International Dictionary provides two relevant definitions of "structural." Definition "1 a" provides as follows: "of or relating to structure or a structure; affecting structure; used in building structures; constructional [.]" Webster's Third New International Dictionary (1993), 2266. Definition "1 b" provides as follows: "of or relating to the load-bearing members or

scheme of a building as opposed to the screening or ornamental elements[.]" *Id.* Definition "1 b" gives the following examples of structural elements: "floor joists, rafters, wall and partition studs, supporting columns ... foundations [.]" *Id.*

**{¶19}** "According to the municipal court, Lakes failed to prove that the creation of the doorway was a "structural" change. The court apparently interpreted "structural" consistent with definition "1 b" above. We find no error in that interpretation. Definition "1 a" is extremely broad, and likely does not reflect what the parties intended. Applying the "1 b" definition, the record supports the municipal court's decision that the Mayos did not materially breach the contract's provision regarding "structural changes." In his testimony, Shelby Mayo described the wall he altered as a "partition wall." Lakes, the only other witness to testify, did not testify that the wall was a load-bearing wall, or was otherwise "structural" within the meaning of definition "1b." Accordingly, we reject appellant's argument regarding the Mayos' alleged structural change." Id at paragraphs 10-11.

**{¶20}** However, in addition to prohibiting structural changes without appellant's written consent, the land installment contract in the case sub judice prohibited appellees from "remodeling" the existing building without first securing written permission from appellant. The word "remodel" is defined as "to alter the structure of." See Merriam-Webster's Collegiate Dictionary (Tenth Edition 1983). The word "remodel" usually connotes alteration to a structure which could include changes to the load bearing members as well as lesser changes to the structure. And, we find that "remodel" connotes lesser changes to a structure in the contract sub judice because of its use in the sentence in addition to the "structural change" language. As is stated above,

appellant, in her complaint, alleged that appellees had violated the land installment contract by removing part of the kitchen wall, removing and replacing kitchen cabinets, turning a bedroom into a laundry room and running plumbing through the floors of such room, creating an apartment in the basement and adding a pocket door to the entrance to the kitchen, removing a living room closet and replacing it with shelving and converting the house from a 3 bedroom house into a 2 bedroom house. Appellant, in an affidavit filed with the trial court, stated that appellees had not obtained her written permission prior to the remodeling.

{¶21} During her deposition, appellant, when asked when appellees removed the kitchen wall, testified that she did not know. She further testified that the wall was not removed during the time when appellees were renting the house from her, but had no documentation to prove such assertion. During her deposition, she further testified that changes to the basement were made while appellees were renting from her and that the pocket door was installed right after the contract. She subsequently testified that she did not know exactly when the pocket door was installed. Appellee Jones, in his affidavit, stated that they partially removed a kitchen wall prior to entering into the land contract. In his affidavit, he further stated that the pocket door was installed prior to entering into the land contract and that the basement apartment was installed prior to signing of the land contract.

{¶22} The changes to the basement were completed <u>before</u> execution of the land installment contract and thus could not have been done in violation of the land installment contract. While the pocket door and removal of the kitchen fall within the definition of "remodeling" because they altered the existing structure, we find that there

is a dispute of fact as to when such changes were made. While appellant testified that the kitchen wall was not removed while appellees were renting from her, appellee Jones, in his affidavit, indicated that the kitchen wall was removed prior to the land installment contract. While, in his affidavit, he indicated that the pocket door was installed prior to entering into the land installment contract, appellant, during her deposition, testified otherwise. We find, on such basis that there are genuine issues of material fact as to when such changes were made and, that the trial court erred in granting summary judgment in favor of appellees.

{¶23} Appellant's first assignment of error is, therefore, sustained.

II

{¶24} Appellant, in her second assignment of error, argues that the trial court erred in awarding attorney fees to appellees for defending the "frivolous conduct."

**{¶25}** Based on our disposition of appellant's first assignment of error, we find resolution of such issue to be premature.

**{¶26}** Accordingly, the judgment of the Massillon Municipal Court is reversed and this matter is remanded for further proceedings.


By: Edwards, J.

Hoffman, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d1130

[Cite as *Rose v. Jones*, 2012-Ohio-1726.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

SANDRA D. ROSE                          :
                                        :
              Plaintiff-Appellant       :
                                        :
                                        :
-vs-                                    :         JUDGMENT ENTRY
                                        :
OMAR E. JONES, et al.,                  :
                                        :
              Defendants-Appellees      :         CASE NO. 2011CA00076


     For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court, Stark County, Ohio, is reversed and this matter is remanded to the Massillon Municipal Court for further proceedings.  Costs assessed to appellees.


                                        _____

                                        _____

                                        _____
                                                      JUDGES